# UNITED STATES DISTRICT COURT

for the

## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **JOUAN JACKSON,** | ) |
| *Plaintiff,* | ) Case No. _2:25 cv 46_ |
| | ) |
| -v- | ) **COMPLAINT FOR COPYRIGHT** |
| | ) **INFRINGEMENT** |
| | ) **(17 U.S.C. § 101 et seq.)** |
| | ) **AND RICO VIOLATIONS (18 U.S.C. §** |
| | ) **1962)** |
| **DESTINY'S CHILD, RODNEY JERKINS, and** | ) |
| **SONY MUSIC ENTERTAINMENT** | ) |
| | ) |

*Defendants.*

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) VIOLATIONS**

# I. Overview

1. This case arises from the willful and systematic infringement of Plaintiff Jouan Jackson's copyrighted musical composition Assumptions Day. Plaintiff, a talented songwriter and musician, submitted a demo containing Assumptions Day to Defendant Rodney Jerkins at Future Records in 1997. Despite Plaintiff's original intent for professional collaboration, his work was unlawfully appropriated and later commercialized in the production of Say My Name, performed by Destiny's Child and released in 1999.

2. The discovery of this infringement began with Plaintiff recognizing thematic and lyrical parallels between Assumptions Day and Say My Name. Using modern artificial

1

intelligence tools such as ChatGPT and retaining a forensic musicologist, Plaintiff uncovered 15 substantial similarities, establishing a direct connection between the works. This discovery process also revealed a broader pattern of systematic misappropriation involving Defendants, including fraudulent concealment and obstruction of ongoing litigation.

3.  Plaintiff brings this action to vindicate his rights, seek appropriate compensation for the infringement, and address the systemic exploitation of his intellectual property. The Defendants' conduct has not only deprived Plaintiff of rightful credit and financial benefits but has also inflicted lasting personal and professional harm.

# II. Introduction

4.  This action arises from the deliberate and ongoing infringement of Plaintiff **Jouan Jackson's** copyrighted musical composition, **Assumptions Day,** which was unlawfully appropriated and exploited in the production and commercial release of **Say My Name** by **Destiny's Child**, produced by **Rodney Jerkins**. This case is directly linked to the broader context of Plaintiff's prior litigation against **Atlantic Records (Case No. 2:00-cv-00865),** which was active from **2000 to 2002** in the **Eastern District of Virginia**. During that litigation, Rodney Jerkins continued to produce works that bear substantial similarities to **Assumptions Day,** including **Say My Name,** which serves as the subject of this complaint.

5.  Plaintiff contends that the infringement was not only deliberate but also **part of a broader pattern of exploitation** involving Rodney Jerkins, Destiny's Child, and Sony Music, who operated as a **criminal enterprise** in violation of the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962**. The evidence of this

2

scheme includes fraudulent concealment of production credits, the obstruction of ongoing

litigation, the transfer of production catalog rights to obscure ownership, and financial

transactions through electronic means constituting wire fraud.

# III. Jurisdiction and Venue

6.  This Court has subject matter jurisdiction under **28 U.S.C. § 1338(a) (copyright)** and **28

U.S.C. § 1331 (federal question),** as this action arises under the **Copyright Act of 1976,

17 U.S.C. § 101 et seq.** and the **Racketeer Influenced and Corrupt Organizations Act

(RICO), 18 U.S.C. § 1962**. The Court also has personal jurisdiction over Defendants due

to their substantial business activities and production-related conduct in **Virginia Beach,

Virginia,** which lies within the jurisdiction of this Court. Venue is proper under **28

U.S.C. § 1391(b)-(d)** and **28 U.S.C. § 1400(a),** as a substantial portion of the conduct

occurred in this District.

# IV. Parties

7.  **Jouan Jackson** ("Plaintiff"), a self-represented musician, creator, and demo artist, is a

citizen of the United States currently residing abroad. Plaintiff submitted a demo album

to **Rodney Jerkins** at **Future Records** in **Virginia Beach, VA,** in **1997**. Plaintiff's

original compositions include the song **Assumptions Day,** a work that has become a

central point of contention in this litigation. Plaintiff is the sole owner of the copyright for

**Assumptions Day** and has never assigned, transferred, or licensed the rights to any of the

Defendants.

**Defendants**

8. **Destiny's Child** — An American R&B girl group consisting of **Beyoncé Knowles, Kelly Rowland, and Michelle Williams**, who performed and co-wrote **Say My Name**. Each member of Destiny's Child played an active role in the commercial exploitation of the infringing work through performances, licensing, and distribution of the song.

**Rodney Jerkins** — Also known as "Darkchild," he is a Grammy Award-winning producer, co-writer, and the principal architect of **Say My Name**. Rodney Jerkins received direct access to Plaintiff's demo submission at **Future Records in 1997**, and his production of **Say My Name** during the ongoing litigation period of **Jackson v. Atlantic (2000-2002)** is a central aspect of this claim.

**Sony Music Entertainment** — A multinational music conglomerate and the parent company of the label responsible for distributing and exploiting **Say My Name**. As a corporate parent, Sony is liable for the actions of its subsidiaries under the doctrine of vicarious and contributory liability.

**Other Distributors and Label Affiliates** — This includes any entity involved in the production, distribution, or licensing of **Say My Name**, as well as any music publishing entities that profited from its exploitation.

# IV. DISCOVERY OF INFRINGEMENT

1. **Date of Discovery**

9. On **August 19, 2022**, at approximately **9:00 PM**, Plaintiff **Jouan Jackson** heard Brandy Norwood's song **"Unconditional Oceans"** from her album *B7*. Within the outro of the song, the words **"Say my name, say my name"** were audibly referenced. This reference drew Plaintiff's attention to Destiny's Child's hit song, **"Say My Name"**, produced by

**Rodney Jerkins**. Recognizing the thematic and lyrical similarity, Plaintiff began his investigation into the possible infringement of his copyrighted work, **Assumptions Day**.

### 2. ChatGPT Analysis

10.     On **November 30, 2022,** following the public release of **OpenAI's ChatGPT,** Plaintiff utilized this advanced AI-driven tool to conduct a comparative analysis between **Assumptions Day** and **Say My Name**. This analysis revealed **15 substantial similarities** between the two works. The AI-driven comparative analysis allowed Plaintiff to pinpoint exact lyrical and thematic parallels, as well as musical elements that were previously concealed. This discovery marked a shift from mere suspicion to concrete evidence of infringement..

### 3. Expert Witness Report

11.     To solidify the comparative analysis, Plaintiff retained the services of **forensic musicologist Dr. Robert Tomaro**, a recognized expert in musicology and song analysis. Dr. Tomaro conducted a thorough and independent examination of **Assumptions Day** and **Say My Name,** confirming the existence of **15 substantial similarities**. Dr. Tomaro concluded that **Say My Name** could not have been created in its present form without elements from **Assumptions Day**. The expert witness report establishes **scientific, technical, and objective proof** of the connection between the two works, bolstering Plaintiff's claims of both copyright infringement and RICO predicate acts of fraudulent concealment.

### The Discovery Process and the Separate Accrual Rule:
### Brandy as the Whistleblower and the Role of Artificial Intelligence

12. The Plaintiff's case is deeply rooted in the **separate accrual rule,** as the **discovery process** continued over the years and culminated with the use of modern technology, including **artificial intelligence,** to uncover the full extent of the misappropriation. The Plaintiff asserts that each **new discovery** resets the statute of limitations, allowing the Plaintiff to pursue legal action for every new instance of infringement uncovered.

13. The discovery process began notably on **August 19, 2020,** when the Plaintiff first identified a **subliminal message** in **Brandy's song "Unconditional Oceans."** In this track, Brandy subtly says **"Say my name, say my name,"** a direct reference to **Destiny's Child's 1999 hit "Say My Name,"** produced by **Rodney Jerkins.** This message, buried within her lyrics, served as a pivotal **whistleblowing moment,** signaling to the Plaintiff that there was something deeper to investigate regarding the origins of **"Say My Name"** and its similarities to the Plaintiff's original work **"Assumption's Day."**

14. That very hour, as the Plaintiff uncovered this subliminal message, he began comparing **"Assumption's Day"** to **"Say My Name".** This moment was meticulously documented through **instant messaging** in the **LINE app** to a dear friend, with **screenshots** capturing the exact **hour** of the first comparisons. A **live recorded video** further documents the Plaintiff's discovery process that night, with conversations and messages exchanged for hours as the Plaintiff began to piece together the similarities.

**LINE App Screenshot:**

*Instant messaging screenshot from August 19, 2020, documenting the initial comparison between "Assumption's Day" and "Say My Name." This screenshot captures the moment when the Plaintiff first discovered the subliminal message in Brandy's "Unconditional Oceans."*



15.   This marks the beginning of the **inkling stage**, where the Plaintiff first suspected the misappropriation but had not yet gathered the full body of evidence. The discovery of **Brandy's whistleblowing** and the comparisons between **"Assumption's Day"** and **"Say My Name"** served as the catalyst for the Plaintiff's deeper investigation into the extent of the infringement.

# V. FACTUAL BACKGROUND

### 1. Plaintiff's Creation and Submission of Original Works

16.     In **1997**, Plaintiff **Jouan Jackson** hand-delivered a demo tape containing his original musical composition, **Assumptions Day**, to **Rodney Jerkins** at **Future Records in Virginia Beach, Virginia**. This submission provided direct access to Plaintiff's original work, and the demo included distinctive lyrical, thematic, and conceptual elements, many of which would later appear in Destiny's Child's **Say My Name**. The demo was provided with the expectation that it would be considered for production opportunities. Rodney Jerkins, as a producer and executive in the industry, had full control and oversight of the works reviewed at **Future Records**.

### 2. Incapacitation and Litigation (2000-2002)

17.     Between **2000 and 2002**, Plaintiff was engaged in ongoing litigation in the **Eastern District of Virginia (Jackson v. Atlantic Records, Case No. 2:00-cv-00865-RBS-FBS)**. During this period, Plaintiff experienced incapacitation due to hospitalization at **Eastern State Hospital** and later entered a **17-month rehabilitation program at the Salvation Army Adult Rehabilitation Center (ARC)**. Plaintiff's capacity to track ongoing infringement was significantly limited due to his incapacitation and the restrictive nature of the recovery program. Despite his absence from the industry during this period, Rodney Jerkins, Destiny's Child, and others continued to exploit **Assumptions Day** by releasing the infringing track **Say My Name** during the ongoing court proceedings. The active status of the Plaintiff's case in the EDVA underscores the deliberate disregard for court proceedings by the Defendants.

### 3. Concealment of Infringement

18.  While litigation was ongoing in **2000-2002**, Defendants continued to release, distribute, and commercially exploit **Say My Name**. Despite being on notice of the Plaintiff's claims of copyright infringement, Defendants ignored court proceedings and exploited works derived from Plaintiff's copyrighted composition, **Assumptions Day**. The commercial success of **Say My Name** is further evidence of the Defendants' bad faith, as it achieved significant international acclaim, received Grammy Awards, and was widely promoted during the period of litigation. This deliberate and calculated disregard for ongoing legal proceedings reflects the nature of the RICO enterprise's operations and their willingness to continue infringement despite the risk of legal consequences.

### 4. Catalog Sale in 2020

19.  In 2020, it was revealed that Rodney Jerkins sold his entire production catalog to Hipgnosis Songs Fund, a UK-based investment firm specializing in purchasing music rights. This transaction occurred amidst increasing scrutiny of Jerkins' production credits by Plaintiff and the rising use of AI-driven comparative analysis tools like ChatGPT. The sale of this catalog obscured essential production credits linked to Say My Name and other works, thereby hindering Plaintiff's ability to identify and trace the source of infringement. Courts have long viewed the transfer of production credits and the sale of intellectual property during litigation as evidence of fraudulent concealment. This sale constitutes a predicate act of concealment under RICO, 18 U.S.C. § 1962.

### 5. Beyoncé's Catalog Sale in 2024

20.  In **2024**, it was further revealed that **Beyoncé's music catalog** was acquired by **Hipgnosis Songs Fund**, which had previously acquired **Rodney Jerkins' catalog**. This transaction represented a pivotal shift in the ownership of several high-profile music

catalogs. The acquisition occurred while Plaintiff was actively engaged in litigation in the **Southern District of New York (SDNY)**, raising further questions about the efforts to obscure production credits, royalties, and licensing rights connected to infringing works like **Say My Name**. Plaintiff asserts that this sale was another calculated effort by the RICO enterprise to **conceal financial ties, shift production credits, and obstruct justice** by making it more difficult to identify the infringing parties. Hipgnosis' acquisition of both Rodney Jerkins' and Beyoncé's catalogs suggests a coordinated effort to consolidate and shield assets tied to known infringing works.

### 6. Beyoncé's Catalog Sale in 2024

21.  As a result of the Defendants' conduct, Plaintiff has suffered substantial harm, including but not limited to:

- **Loss of Licensing Opportunities**: Plaintiff has been deprived of the opportunity to license his original work, **Assumptions Day**, due to its unauthorized use in **Say My Name**.

- **Deprivation of Credit**: Plaintiff's rightful credit as the creator of key elements in **Say My Name** has been concealed, denying him industry recognition, royalties, and acknowledgment as a key contributor to the music industry.

- **Financial Injury**: The widespread commercial success of **Say My Name**, coupled with the subsequent sales of catalogs by **Rodney Jerkins and Beyoncé**, demonstrates that Defendants financially benefited from Plaintiff's original work. Plaintiff asserts that he is entitled to disgorgement of all profits derived from the exploitation of **Say My Name**.

22.  The conduct described above reflects a deliberate pattern of **fraudulent concealment, financial obstruction, and coordinated racketeering** activities designed to defraud Plaintiff of his rightful creative credit and financial compensation. Plaintiff asserts that

these acts constitute violations of the **Copyright Act, 17 U.S.C. § 101 et seq.**, as well as predicate acts under **RICO, 18 U.S.C. § 1962.**

# VI. CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT (17 U.S.C. § 101)

23.   Plaintiff Jouan Jackson brings this claim for copyright infringement against Defendants Rodney Jerkins and Destiny's Child, asserting that the song *Say My Name* unlawfully incorporates substantial and protectable elements from Plaintiff's original work, *Assumptions Day*.

### 1.   Ownership of Assumptions Day

24.   Plaintiff, Jouan Jackson, is the sole and exclusive owner of the copyrighted work "Assumptions Day." This work was registered with the U.S. Copyright Office and forms the basis of Plaintiff's claims for copyright infringement in this action. Plaintiff's rights include protection for the lyrics, musical composition, and other unique creative elements embodied in the work.

### 2.   Access to Plaintiff's Work

25.   Defendant Rodney Jerkins had direct access to Plaintiff's copyrighted work through a 1997 demo tape submission, hand-delivered by Plaintiff to Rodney Jerkins at Future Records in Virginia Beach, Virginia. As the producer of "Say My Name," Rodney Jerkins possessed the opportunity and means to copy Plaintiff's work. Further, Destiny's Child, including its individual members Beyoncé Knowles, Kelly Rowland, and former members LeToya Luckett and LaTavia Roberson, gained access to the infringing elements of "Assumptions Day" through Jerkins' involvement as their producer.

### 3.   Copying of Protectable Elements

11

26. Defendants have copied protectable elements of "Assumptions Day" in creating the song "Say My Name." Plaintiff's forensic musicology analysis and expert report by Dr. Robert Tomaro identify 15 substantial similarities between the two works, including but not limited to:

   1. Thematic repetition of the phrase "Say My Name" which parallels the lyrical emphasis in "Assumptions Day."

   2. Nearly identical melodic structures in the verse progression.

   3. Similar rhythmic patterns and vocal phrasing.

   4. The use of distinctive call-and-response techniques that echo those found in "Assumptions Day."

   5. Conceptual overlap in portraying themes of trust, doubt, and reassurance within a relationship.

27. These substantial similarities are not merely coincidental; they demonstrate a direct appropriation of Plaintiff's original work. Plaintiff's copyrighted elements are unique and form the creative essence of "Assumptions Day," making their replication in "Say My Name" a clear violation of 17 U.S.C. § 101.

**Damages and Relief**

28. Plaintiff has suffered significant financial and reputational harm as a result of Defendants' unauthorized use of "Assumptions Day." Plaintiff seeks statutory damages and injunctive relief as outlined in this complaint. Further, Plaintiff asserts that Defendants' willful infringement entitles him to enhanced damages under the Copyright Act.

# VII. EVIDENCE OF COPYING

### Side-by-Side Comparative Analysis Table

29.  The following table highlights key similarities between Plaintiff's copyrighted work,

"Assumptions Day," and Defendants' "Say My Name."

| Element | Assumptions Day (1997) | Say My Name (1999) | Analysis |
|---|---|---|---|
| **1. Repetition of Theme** | "Assumptions Day, Assumptions Day" | "Say my name, say my name" | Both works rely on repetitive phrasing to emphasize emotional intensity. |
| **2. Lyrical Content** | "Know you, assume you, say we were to meet before" | "If no one is around you, say baby I love you" | Both contain calls for verbal affirmation in the context of relational doubt. |
| **3. Musical Structure** | Layered harmonies with a cyclical chord progression | Similar layered harmonies with comparable structure | Shared musical techniques highlight thematic and structural overlap. |
| **4. Concept of Call/Communication** | "A momentous call called me to you" | "Any other day I would call you" and "Ain't calling me" | Both songs revolve around the concept of communication and phone calls. |
| **5. Sudden Change Theme** | "Your sudden smile" | "Why the sudden change" | Both songs use "sudden" to highlight a shift in mood or relationship status. |
| **6. Emotional Reassurance** | "Will I be the one to say I love you" | "Say baby I love you" | Both songs focus on relational doubt and the need for reassurance. |
| **7. Repetition of "Day"** | "Assumptions Day, Assumptions Day" | "Any other day, How's your day, Yesterday" | Both songs emphasize the concept of 'Day' as a key lyrical motif. |

| 8. Use of "Say" | "I know you so say we were to have met" | "Say my name, say my name" | Repeated use of "say" as a lyrical motif in both songs establishes a clear connection. |
|---|---|---|---|
| 9. Expression of Doubt | "Knowing assuming when, Knowing assuming how" | "I know you say that I am assuming things" | Both songs explore relational doubt and assumptions. |
| 10. Relational Holding Back | "Holding on to you. Is the monkey on your back?" | "If nobody's holding you back" | Both songs discuss themes of being held back, suggesting intentional borrowing. |
| 11. Use of "Knowing" | "Knowing assuming when, Knowing assuming how" | "I know you say that I am assuming things" | The use of 'Knowing' and 'Assuming' aligns closely in both works. |
| 12. Outro Speech/Theme | "Not another bad knowing assumption" | "Thou shall know that she can't love you" | Similar usage of 'know' in the outro sections of both songs. |
| 13. Plea for Recognition | "Spell your name" | "Better say my name" | Both lines request vocal recognition of the protagonist's identity. |
| 14. Relational Reflection | "Read it aloud, See it through" | "Say my name, say my name" | Use of direct instruction to reinforce themes of clarity and recognition. |
| 15. Use of "I Know" | "I know you so say" | "I know you say that I am assuming things" | Both songs use 'I know' to emphasize knowledge and familiarity. |

**Conceptual and Thematic Similarities**

30.     Both "Assumptions Day" and "Say My Name" explore themes of affirmation, trust, and emotional vulnerability. The repetitive nature of the lyrics and the call-and-response structure create striking parallels that are central to both works.

14

### Expert Analysis

31.   The forensic report by Dr. Robert Tomaro provides an in-depth analysis of the substantial similarities between the two works. Dr. Tomaro's findings include:

32.   This expert evidence establishes a clear connection between the two works and demonstrates that Defendants had access to and improperly utilized Plaintiff's copyrighted material.

# VIII. RICO ALLEGATIONS (18 U.S.C. § 1962)

### RICO Enterprise

33.   Defendants Rodney Jerkins, Destiny's Child (Beyoncé Knowles, Kelly Rowland, and former members LeToya Luckett and LaTavia Roberson), Sony Music, and related collaborators collectively constitute an enterprise under 18 U.S.C. § 1961(4). This enterprise engaged in a coordinated scheme to unlawfully exploit Plaintiff's copyrighted work, "Assumptions Day," for financial gain and to conceal their infringing activities

### Predicate Acts

### 1.  Fraudulent Concealment

34.   Defendants concealed their infringement of "Assumptions Day" by selling production credits and music catalogs, including "Say My Name," to **Hipgnosis Songs Fund**. This transfer obscured the production's true origins and denied Plaintiff rightful credit and royalties.

### 2.  Wire Fraud (18 U.S.C. § 1343)

35.   Defendants engaged in wire fraud by facilitating payments of streaming royalties and other financial transfers tied to the infringing work through electronic means, including global streaming platforms and digital payment systems. These actions constitute the use of interstate wires in furtherance of unlawful activities.

### 3. Obstruction of Justice (18 U.S.C. § 1503)

36.     Defendants willfully infringed Plaintiff's work during active litigation (2000-2002) in the Eastern District of Virginia. The release of "Say My Name" and subsequent actions undermined the judicial process and demonstrated a blatant disregard for ongoing court proceedings.

**Pattern of Racketeering Activity**

37.     Defendants' actions demonstrate a pattern of racketeering activity involving repeated and coordinated acts of infringement, fraudulent concealment, and wire fraud over a sustained period. These actions are not isolated incidents but part of a broader scheme to exploit Plaintiff's intellectual property while avoiding accountability. The enterprise's conduct reflects an intentional, ongoing effort to profit from Plaintiff's work without authorization or compensation.

# IX. IMPACT AND DAMAGES

38.     The Defendants' infringement of Plaintiff's copyrighted work has caused significant financial, reputational, and emotional harm. Plaintiff details the following impacts:

### 1. Financial Losses:

39.     The widespread success of *Say My Name* generated substantial revenue through album sales, streaming, licensing, and performances. Plaintiff has been deprived of his rightful share of these profits.

40.     Defendants' unauthorized use of *Assumptions Day* directly resulted in significant financial gain for the Defendants at Plaintiff's expense, including catalog sales exceeding billions of dollars.

### 2. Deprivation of Credit:

41. Plaintiff has been denied recognition as the original creator of key elements within *Say My Name*. This lack of credit has hindered his ability to secure licensing opportunities, royalties, and professional opportunities in the music industry.

42. The omission of proper attribution has erased Plaintiff's contribution from the narrative of one of the most successful R&B songs in history, leaving his artistic legacy unacknowledged.

### 3. **Emotional and Reputational Harm**:

43. Plaintiff has endured years of mental anguish, compounded by the knowledge that his work has been exploited without acknowledgment or compensation. This includes the personal toll of fighting against systemic industry practices as a self-pro se litigant.

44. The damage to Plaintiff's reputation as a songwriter and creator has been profound, as Defendants have misappropriated and obscured his creative contributions.

### 4. **Racketeering and Obstruction**:

45. Defendants' sale of production catalogs and other coordinated acts of concealment reflect a deliberate pattern of obstruction and fraudulent behavior under RICO statutes. These actions have further obstructed Plaintiff's ability to uncover and assert his claims.

46. Plaintiff seeks the following damages and relief to address these harms:

- **Statutory Damages** under 17 U.S.C. § 504(c) for willful infringement.
- **Treble Damages** under 18 U.S.C. § 1964(c) for violations of RICO.
- **Disgorgement of Profits** generated from the exploitation of *Say My Name*.
- **Injunctive Relief** to prevent further distribution or exploitation of the infringing work.
- **Punitive Damages** to deter future misconduct and penalize the Defendants for their deliberate actions.

# X. RELIEF REQUESTED

WHEREFORE, Plaintiff Jouan Jackson respectfully requests that the Court grant the following relief:

1. **Statutory Damages**: Award statutory damages up to **$150,000 per act of willful infringement** under **17 U.S.C. § 504(c)**. Given the willful nature of Defendants' conduct, Plaintiff is entitled to enhanced statutory damages as permitted by law.

2. **RICO Damages**: Award treble damages under **18 U.S.C. § 1964(c)** for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). The Defendants' fraudulent concealment, obstruction of justice, and wire fraud are predicate acts that justify treble damages.

3. **Injunctive Relief**: Issue an order permanently enjoining Defendants, their agents, officers, employees, successors, licensees, and all persons acting in concert or participation with them, from further exploiting, distributing, or streaming **"Say My Name"** in any capacity, including on platforms such as **Apple Music, Spotify, Pandora, and YouTube**.

4. **Attorney's Fees and Costs**: Award Plaintiff his attorney's fees, court costs, and litigation expenses as permitted by **17 U.S.C. § 505**. Plaintiff, acting as a pro se litigant, is entitled to recover fees for time, resources, and expenses incurred as a result of Defendants' willful infringement and racketeering activity.

5. **Declaratory Relief**: Issue a declaratory judgment declaring that Plaintiff **Jouan Jackson** is the sole and exclusive owner of the copyrighted work **"Assumptions Day"** and that Defendants' actions constitute willful copyright infringement under **17 U.S.C. § 501(a)**.

6. **Punitive Damages**: Award punitive damages to deter Defendants from future acts of infringement, concealment, and racketeering, and to penalize them for their intentional and deliberate misconduct.

7. **Other Relief**: Grant any other and further relief as the Court deems just, equitable, and proper under the circumstances.

Respectfully submitted,

/s/ Jouan J. Jackson

**Jouan Jackson**

**Plaintiff, Pro Se**

**Date:** December 26th 2024

**Email:** jouan.jackson@yahoo.com

**Address: 120 West Front Street Jackson, Al. 36545**